# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **DENNIS RAY DAVIS, JR.** | **CIVIL ACTION NO. 17-531-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **SHREVEPORT POLICE DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court are a civil rights complaint, amended complaint, and numerous memorandums and exhibits filed in forma pauperis by pro se plaintiff Dennis Ray Davis, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983.[1] This complaint was received and filed in this court on April 10, 2017. Plaintiff is currently incarcerated at the Caldwell Correctional Center but complains that his civil rights were violated during his criminal trial proceedings

---

[1] Plaintiff's allegations here are substantially similar to, and arise from the same series of events as, allegations he raised in other closed and pending proceedings: Dennis Ray Davis, Jr. v. Robert B. Whyce, et al., No. 18-0009 (W.D. La. 2018) (dismissing, inter alia, Plaintiff's claims of false imprisonment arising from his fourth DWI offense); Dennis Ray Davis, Jr. v. Commissioner Caddo Parish, et al., No. 17-1269 (W.D. La. 2017) (reviewing Plaintiff's claims of false imprisonment, false arrest, entrapment, kidnaping, corruption, double jeopardy, denial of counsel, omissions by a clerk of court, failure to post bond, and other sundry improprieties arising from his prior convictions, including his fourth DWI conviction); Dennis Ray Davis, Jr. v. Robert B. Wyche, et al., No. 17-1230 (W.D. La. 2017) (dismissing Plaintiff's claims, arising from his fourth DWI offense, that the District Attorney owed him $50,000.00, that he was falsely imprisoned, and that he was denied bond).

and his incarceration at Caddo Correctional Center in Shreveport, Louisiana. He names numerous defendants including the Shreveport Police Department, the Caddo Parish District Attorney's Office, the Caddo Parish Sheriff's Office, the State of Louisiana, the Judiciary Commission, the Office of Disciplinary Counsel, the Louisiana State Bar Association, the City of Shreveport, Jousha Mayfiled, James E. Stewart, Jr., Casey Jones, Steve Prator, Mekisha Creal, Ramona Emanuel, Brady D. O'Callaghan, Ronald Miciotto, Wilbert Payor, Laura Fulco, Cherly Stills, the Caddo Correctional Center Record Department, Yolanda, Carlos Prudhomme, Antona Florence, and Caddo Parish Public Service Commissioner Foster Campbell.

Plaintiff claims he was involved in an argument with District Attorney James E. Stewart and Assistant District Attorney Wilbert Payor over approximately $50,000.00 for work performed for Stewart. He claims he and his crew built and distributed campaign signs for Stewart. Plaintiff claims Ronald Miciotto threatened him with repercussions if he did not stop talking about the disagreement.

Plaintiff claims Ronald Miciotto represented him prior to this disagreement when he was charged with DWI second offense in case number 329214. Plaintiff pleaded guilty to the charge and was sentenced.

On May 15, 2016, Plaintiff was arrested by Officer McDonald and Officer Jimmy Minor and charged with DWI fourth offense in case number 341453. He was previously charged with DWI on December 29, 2012 in case number 311388 and on November 25, 2012 in case number 311200. He claims these two prior convictions should have been

quashed. Plaintiff claims Detective Casey Jones, Ronald Miciotto, and Judge Brady O'Callaghn violated his right against double jeopardy when he was tried and pleaded guilty to DWI fourth offense. He claims there was no probable cause and the State failed to produce exculpatory evidence. He claims they slandered him.

On August 3, 2016, Plaintiff turned himself in to the Caddo Parish Sheriff's Office on a warrant signed by Judge Emanuel. He was charged with attempted first degree murder and armed robbery. He claims he tried to post a $500,000 bond, but the jail would not let him. Plaintiff claims he was kidnapped by the Caddo Parish Sheriff's Office and falsely imprisoned. He claims he was unable to hire an attorney of his choosing or expert witnesses because he was detained. He claims he was maliciously prosecuted because District Attorney James Stewart owed him money. Plaintiff claims that on August 3, 2016, he pleaded not guilty.

Plaintiff claims that on May 1, 2017, he was granted a fast and speedy trial pursuant to La. C.Cr.P. 701 instead of USC 18 § 3163. He claims the period ended on August 1, 2017. He claims the state trial court set his next court date for August 7, 2017.

Plaintiff claims Assistant DA Wilber Pyor, Ronald Miciotto, and Assistant DA Mekish Creal placed an illegal probation hold/detainer on him. He claims the probation office never petitioned to revoke his probation.

Plaintiff claims that because of his disagreement with Stewart, he was falsely imprisoned and charged with armed robbery and attempted first degree murder. He claims his hearing was fundamentally unfair because it involved James Stewart. Plaintiff claims

Page **3** of **16**

he was held for six months and one day without a hearing. He claims he is innocent. Plaintiff claims Detective Mayfield had no proof that he was involved in the armed robbery and attempted murder. Plaintiff claims he does not match the physical description of the person described as the one who committed the hotel robbery. He claims Detective Joshua Mayfield testified that he was not a match for the fingerprint and DNA evidence. He also claims he was not on any surveillance video.

Plaintiff claims that on February 22, 2017, Judge Brady O. O'Callaghan and Assistant DA Mekisha Creal placed a hold on him without his physical presence in court. Plaintiff claims Ramona Emanuel placed a $500,000 bond on him. He claims the bond was excessive.

Plaintiff claims Casey Jones talked to him about a civil contract he had with a customer to build an iron fence. He claims his rival at Premier Fence gave a kickback to Ronald Miciotto and Casey Jones who fabricated a charge against him. He claims the matter was civil and not criminal and he should not have been convicted.

Plaintiff claims the probation office never petitioned to revoke his probation. He claims that on February 22, 2017, his probation was revoked.

Plaintiff claims he filed more than 75 motions in the Louisiana First Judicial District Court, and all were denied except his motion for a fast and speedy trial.

Plaintiff claims medical neglect. He claims his medications do not have the FDA standard labels. He claims the staff that passes out the medication are not registered nurses and they do not wear gloves.

Plaintiff claims he was denied routine visits to the law library. He claims he was denied access to the courts. He claims the records department refuses to give him paperback copies.

Plaintiff claims he is locked in a room 24 hours at a time. He claims the guards beat the inmates. He claims he is detained in an 8 foot by 11-foot cell with five other inmates. He claims the cell has no water and the plumbing system is not adequate. He also claims the lighting is excessive.

Accordingly, Plaintiff seeks monetary compensation and damages, injunctive relief including telephone access to the court, a restraining order against all Caddo Parish Deputies, restoration of all his civil rights, removal of detainers, and his immediate release from incarceration.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims he was wrongly convicted and sentenced for DWI fourth offense in case number 341453 because of the actions of Defendants. He also claims he was wrongly convicted of armed robbery and attempted first degree murder. He claims he was convicted of theft when the matter should have been a civil action. He claims his probation was revoked even though the probation office did not petition to have it revoked. Plaintiff is seeking monetary damages for allegedly unconstitutional convictions and sentences. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose

unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. The holding in Heck has been extended to parole and probation revocation proceedings. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995); see also Cougle v. County of DeSoto, 303 Fed.Appx. 164, 165 (5th Cir. 2008). When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence and/or revocation have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence and/or revocation have been invalidated.

**District Attorney and Assistant District Attorney**

Plaintiff names District Attorney James E. Stewart, Sr., Assistant District Attorney Wilber Pyor, and Assistant District Attorney Mekisha Creal as defendants. He claims they maliciously prosecuted him and placed an illegal probation hold/detainer on him. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney and Assistant District Attorney as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties. Accordingly, Plaintiff's civil rights complaint against District Attorney James E. Stewart, Jr., Assistant District Attorney Wilber Pyor, and Assistant District Attorney Mekisha Creal should be dismissed as frivolous.

**Attorney Ronald Miciotto**

Plaintiff claims Attorney Ronald Miciotto placed an illegal probation hold/detainer on him. Plaintiff does not specifically allege that Ronald Miciotto acted under color of state law.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Attorney Ronald Miciotto should be dismissed as frivolous.

**Judge Emanuel and Judge O'Callaghan**

Plaintiff claims Judge Emanuel signed a warrant for his arrest and set an excessive bond. He claims Judge O'Callaghan placed a hold on him when he was not present in court and deprived him of his due process rights. He claims he filed more than 75 motions in the Louisiana First Judicial District Court, and all were denied except his motion for a fast and speedy trial. Plaintiff cannot allege claims against Judge Emanuel and Judge O'Callaghan. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982).

The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, Plaintiff's civil rights claim against Judge Emanuel and Judge O'Callaghan should be dismissed as frivolous.

**Habeas Claims**

To the extent that Plaintiff seeks a release from custody, his claims should be dismissed. A release from custody is not available through a civil rights action. See

Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2254(a). To the extent Plaintiff seeks the dismissal of the convictions and revocations and release from incarceration, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

**Medical Claims**

Plaintiff claims medical neglect. He claims his medications do not have the standard FDA labels. He claims the staff that passes out the medications are not registered nurses and do not wear gloves.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of, or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the

conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff and provided him with prescribed medications. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical

treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Furthermore, to establish liability under § 1983, a civil rights plaintiff must establish two elements: (a) state action, i.e., that the conduct complained of was committed under color of state law, and (b) a resulting violation of federal law, i.e., that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. See Collins v. City of Harker Heights, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); Baker v. McCollan, 443 U.S. 137, 142, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also Townsend v. Moya, 291 F.3d 859, 861 (5th Cir.2002). The correctional officers have not violated federal law by dispensing medication to the inmates.

Accordingly, these medical care claims should be dismissed with prejudice as frivolous.

**Conclusory Claims**

Plaintiff claims he is locked in a room for 24 hours at a time. He claims the guards beat the inmates. He claims he is detained in an 8 foot by 11-foot cell with five other inmates. He claims the cell has no water and inadequate plumbing. He claims the lighting is excessive.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has

abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so as to these claims even though he was given the opportunity to amend his complaint numerous times and provided this court with numerous filings.

Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Access to the Courts Claims**

Plaintiff claims he was denied routine visits to the law library. He claims he was denied access to the courts. He claims the records department refused to give him paperback copies. Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful

access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit because of the actions of Defendants. Thus, he has failed to state any actual injury.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional convictions, sentences, and revocations be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's remaining civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that this action—insofar as it seeks the dismissal of the criminal convictions, sentences, and revocations and his immediate release—be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 16th day of November, 2020.



Mark L. Hornsby
U.S. Magistrate Judge